862 So.2d 142 (2003)
A. Remy FRANSEN, Jr. and Allain F. Hardin
v.
The CITY OF NEW ORLEANS, et al.
No. 2002-CA-2384.
Court of Appeal of Louisiana, Fourth Circuit.
November 19, 2003.
*143 A. Remy Fransen, Jr., Allain F. Hardin, Fransen & Hardin, A.P.L.C., and Henry L. Klein, James H. Daigle, Jr., Klein-Daigle, LLC, New Orleans, LA, for Plaintiffs/Appellants.
Richard C. Stanley, Bryan C. Reuter, William M. Ross, Stanley, Flanagan & Reuter, L.L.C., and Charles L. Rice, Jr., City Attorney, Joyce G. Joseph, Deputy City Attorney, and Phillipa L. Bowers, Linebarger, Goggan, Blair & Sampson, L.L.P., New Orleans, LA, for Defendants/Appellees.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY, III, Judge MICHAEL E. KIRBY, Judge DAVID S. GORBATY, Judge LEON A. CANNIZZARO, JR.).
DAVID S. GORBATY, Judge.
Plaintiffs, A. Remy Fransen, Jr., and Allain F. Hardin, appeal a judgment granting an Exception of Prescription in favor of the City of New Orleans (hereinafter the City), Linebarger Goggan Blair Pena & Sampson, L.L.P. f/k/a Heard Linebarger Graham Goggan Blair Pena & Sampson, L.L.P. (hereinafter the law firm), and United Governmental Services of Louisiana, Inc. (hereinafter UGSL), and dismissing plaintiffs' petition and first amending petition, with prejudice. For the following reasons, we reverse the judgment of the trial court and remand this matter for further proceedings.
*144 FACTS AND PROCEDURAL HISTORY:
Plaintiffs own personal property in Orleans Parish. Plaintiffs concede that for varying reasons they did not pay their property taxes timely. However, once the taxes were paid, plaintiffs allege that they received notice, either through their own inquiry or by correspondence from the Linebarger firm, that they each owed additional penalties, interest and attorney's fees for making late tax payments.
Plaintiff Hardin received a tax bill from the City near the end of 2000. Payment was due on or before February 1, 2001. In April of 2001, Mr. Hardin discovered that the check he had written in December of 2000 had not been mailed. He mailed a check on April 1, 2001. Mr. Hardin alleges that upon receiving the cancelled check for the paid taxes, he noted that the check was marked "partial payment." He telephoned the City's Department of Finance and was told that his payment of $6,127.81 had been divided into payments for penalties ($133.41), interest ($133.32), attorney's fees (1,414.13), and the actual taxes owed ($4,446.95). Mr. Hardin was informed that because the total "tax" bill was not satisfied by his first payment, he owed an additional $2,338.08, and that the amount would continue to grow until paid. He delivered a check to the City Finance Department on May 31, 2001, with a letter indicating that he was paying the added amounts under protest. Mr. Hardin alleges that he never received any correspondence of any kind from the law firm, but, rather, discovered on his own that he had neglected to pay his taxes. Once discovered, he promptly paid them.
Plaintiff Fransen received a notice on May 19, 2000, from the law firm informing him that his 2000 personal property taxes of $5,301.54 were still outstanding. Enclosed with the letter was a statement indicating that Mr. Fransen owed an additional $1,701.80 for attorney's fees, and two other charges of $212.06 and $159.05. On May 23, 2000, Mr. Fransen sent a letter to the law firm indicating that he intended to protest the penalty and excessive interest assessed. He sent another letter to the City on that same date complaining about its "attempt to charge usurious interest." He received a response from the City on June 21, 2000 explaining that $3,811.32 of his check had been applied to taxes, $152.45 to accrued interest, $114.34 to the delinquency fee, and $1,223.43 to attorneys fees. Mr. Fransen again wrote to the City on 7/12/00 contesting its arbitrary distribution of monies he intended to be applied to the actual taxes owed. He also indicated that he considered his base tax liability for the year 2000 to be satisfied. When he received no response, he again wrote to the City's Finance Department on January 15, 2001, enclosing a check for $2,227.89 for additional amounts he owed for penalties and interest. He indicated that he objected to the "fee" charged by the law firm.
On April 1, 2002, suit was filed on behalf of both plaintiffs against the City and the law firm. Plaintiffs complained that the attorney's fees were in violation of the Rules of Professional Conduct, and that the collection of these additional fees and penalties violated the Louisiana Constitution. In addition to the named defendants, plaintiffs served the state attorney general.[1] On April 29, 2002, plaintiffs amended their original petition to name UGSL as an additional defendant, alleging that this *145 company shared fees with the law firm. A second amending and supplemental petition was filed to add Fransen and Hardin, A.P.L.C., as an additional party plaintiff because of the assessment of penalties, interest and fees for failing to pay the parties' business personal property taxes timely.
Defendants filed various exceptions to the petition and first amended petition, including the subject exception of prescription. Plaintiffs filed various motions, including two motions for partial summary judgment. On September 13, 2002, the trial court rendered judgment in favor of defendants on their exception of prescription only, dismissing plaintiffs' original and first amended petition, with prejudice.[2]
This appeal followed.[3]
DISCUSSION:
The only issue to be considered by this Court is whether the trial court erred in granting defendants' exception of prescription. Although plaintiffs raise numerous other issues in their brief, none of those issues are before this Court.
Under Louisiana law, prescriptive statutes are to be strictly construed against prescription and in favor of the claim that is said to be extinguished. Of the two possible constructions, the one that maintains enforcement of the action or claim, rather than the one that bars enforcement, should be adopted. Louisiana Health Serv. v. Tarver, 635 So.2d 1090, 1098 (La.1994); see also Fontaine v. Roman Catholic Church, 625 So.2d 548, 551 (La.App. 4 Cir.1993).
A state statute, La.Rev.Stat. 47:2110, and two City ordinances, Ordinance No. 18637, adopted 3/5/98, and No. 20556, adopted 2/21/2002, are at the root of this litigation.
Louisiana Revised Statute 47:2110 A(2) provides:
Any person resisting the payment of any amount of tax due shall pay the amount due to the officer designated by law for the collection of such tax and shall give him, the parish or district assessor, and the Louisiana Tax Commission written notice at the time of payment of his intention to file suit for the recovery of such tax. Upon receipt of such notice, the amount so paid shall be segregated and held by the officer for a period of thirty days. If a suit is timely filed contesting the correctness of the assessment pursuant to R.S. 47:1998 and seeking the recovery of the tax, then that portion of the taxes paid that are in dispute shall be deemed as paid under protest and such amount shall be segregated and shall be further held pending the outcome of the suit. That portion of the taxes paid by the taxpayer to the officer which is neither in dispute nor the subject of a suit contesting the correctness pursuant to R.S. 47:1998 shall not be made subject to the protest.
The above statute was amended by Acts 2000, 1st Ex.Sess., No. 74, § 1, effective 4/17/00. Prior to the amendment, 47:2110 A read in pertinent part:
Any person resisting the payment of any amount of tax found due, or the enforcement of any provision of the tax laws in relation thereto, shall pay the amount found due to the officer designated by law for the collection of such tax and shall give him and the officer or agency that has given rise to the cause *146 of action notice at the time of payment of his intention to file suit for the recovery of such tax. Upon receipt of such notice, the amount so paid shall be segregated and held by the officer for a period of thirty days. If suit is filed within such time for the recovery of the tax, then that portion of the taxes paid that are in dispute shall be deemed as paid under protest and such amount shall be segregated and shall be further held pending the outcome of the suit.
The instant case is not the first time the above statute and ordinance have been challenged. Mr. Cooper, the named plaintiff in a class action, challenged the penalties, interest and attorneys fees assessed by the City for untimely paid 1999 taxes pursuant to Ordinance No. 18637. Cooper v. City of New Orleans, 2001 (La. App. 4 Cir. 2/14/01), 780 So.2d 1158. Mr. Cooper argued that La.Rev.Stat. 47:2110 had no application to the action because the statute related to the collection of taxes only, not to the collection of penalties, interest and attorneys fees. This Court ruled that La.Rev.Stat. 47:2110 A applied to persons resisting the enforcement of any provision of the tax laws in relation thereto, and that Ordinance No. 18637 "clearly qualifie[d] as a `provision of the tax law in relation to' the payment of any tax found due." Id. at p. 6, 780 So.2d at 1162. Therefore, the provisions for filing suit within thirty days of notifying the proper party of payment under protest found in La.Rev.Stat. 47:2110 were applicable to Mr. Cooper.
This Court again addressed the application of Ordinance No. 18637 in Affordable Housing Developers, Inc. v. Kahn, XXXX-XXXX, XXXX-XXXX (La.App. 4 Cir. 4/25/01), 785 So.2d 251. In that case, taxpayers again paid under protest penalties, interest and attorneys fees assessed for late payment of their 1998 taxes. The Ordinance was retroactively applied to taxes owed on January 1, 1998. The defendants argued that the plaintiffs' suit had prescribed because the ad valorem taxes were not paid timely in January of 1998. Id. at p. 3, 785 So.2d at 253. The plaintiffs countered that defendants' reasoning was illogical because under that theory plaintiffs' right to challenge the penalties, interest and fees prescribed before their claim came into existence. Id. Two judges of this Court reasoned that because Ordinance No. 18637 was clearly encompassed within the language of La.Rev.Stat. 47:2110 ("the enforcement of any provision of the tax laws in relation thereto"), the thirty day prescriptive period set forth in La.Rev.Stat. 47:2110 was applicable. Judge Murray, writing in dissent, opined that La.Rev. Stat. 47:2110 was not a prescriptive statute at all; rather, it was enacted to provide a procedure whereby one assessed with ad valorem taxes may pay the taxes under protest and have the amount so paid held in escrow pending outcome of a suit filed by the taxpayer for recovery of the taxes. Id. at p. 3 of dissent, 785 So.2d at 254. She was also in agreement with plaintiffs that their action did not arise until the underlying taxes became delinquent. Therefore, the late payment of the taxes was not relevant to the payment of penalties, interest and attorneys fees. Id. at pp. 3-4 of dissent, 785 So.2d at 255.
The case at bar presents a unique situation which does not fit snugly into the reasoning of either Cooper or Affordable Housing. Plaintiffs are protesting payment of penalties, interest and attorneys fees assessed for the late payment of their 2000 and 2001 taxes. La.Rev.Stat. 47:2110 was amended in 2000 and the language relied upon in Cooper and Affordable Housing was deleted. Thus, at the time plaintiffs paid the assessed penalties, interest and attorneys fees under protest, La. Rev.Stat. 47:2110 provided a procedure to *147 contest only the base ad valorem taxes owed, and not to contest additional fees assessed for the collection of the base taxes.
The City argues that the amendment to La.Rev.Stat. 47:2110 A deleting the phrase "or the enforcement of any provision of the tax laws in relation thereto," was made by the legislature merely to remove the phrase because it was superfluous. The City bases this argument on the fact that La.Rev.Stat. 47:2110 B has always contained, and continues to contain, reference to the "method of enforcement thereof."
First, it is unlikely that the legislature passed a bill and enacted legislation merely to remove superfluous language. Second, and more probably, the legislation was enacted in response to this Court's opinion in Affordable Housing, supra. Thus, under this theory, when one reads La.Rev.Stat. 47:2110 A and B together, it is clear that the legislature intended to remove the language providing for paying penalties and interest under protest from the statute. La.Rev.Stat. 47:2110 B clearly states "[t]he right to sue for recovery of a tax paid under protest as provided herein ..." Section A does not provide for suits to protest payment of penalties and interest.
On February 21, 2002, the City Council adopted Ordinance No. 20556, designed to fill the gap created by the 2000 amendment to La.Rev.Stat. 47:2110. The Ordinance was passed "to provide for a legal mechanism to challenge the imposition of collection penalties by paying such penalties under protest, and to otherwise to provide with respect thereto." Specifically, Section 150-46.7 of the Code of the City of New Orleans was amended to read:
A. With respect to any penalty assessed under subsections 150-46.2 or 150-46.3 of this ordinance, the taxpayer may challenge such penalty by paying the penalty under protest no later than May 1 of the year in which the penalty was imposed with a letter delivered to the Director of Finance at the time of payment (1) notifying the Director that the penalty is being paid under protest, (2) stating the grounds for the protest, and (3) thereafter filing suit to recover the penalty amount within 30 days of the date on which the penalty was paid.
B. With respect to any penalty under subsections 150-46.2 or 150-46.3 of this ordinance assessed prior to the effective date of this amendment, and which penalty or penalties have not been paid as of the date of this amendment, the taxpayer may challenge such penalty by paying the penalty under protest no later than May 1, 2002 with a letter delivered to the Director of Finance at the time of payment (1) notifying the Director that the penalty is being paid under protest, (2) stating the grounds for the protest, and (3) thereafter filing suit to recover the penalty amount within 30 days of the date on which the penalty was paid.
Defendants argue that the amended ordinance applies to plaintiffs, and because the plaintiffs did not file suit within 30 days of making their protest known, their suit has prescribed.
We disagree. The amended ordinance cannot apply to plaintiffs in this instance because Section A of the ordinance can only be applied prospectively. Section B cannot apply to these particular taxpayers because, although Section B applies to taxpayers who were assessed penalties prior to the effective date of the ordinance, the Section specifically states that it is effective as to taxpayers who have not paid the penalties as of the effective date of the ordinance. Plaintiffs in this case paid the assessed penalties prior to February 1, *148 2002. As such, the amended ordinance does not apply to these plaintiffs.
Thus, La.Rev.Stat. 47:2110 is not applicable in this case because the statute in effect at the time of the relevant events did not contain the language necessary to apply to penalties assessed over and above the base tax. Further, Ordinance No. 20556 does not apply because plaintiffs had already paid the assessed penalties at the time the ordinance was adopted. As such, there was no applicable prescriptive period in effect at the time these particular plaintiffs protested payment of the assessed penalties. Accordingly, the judgment of the trial court granting defendants' exception of prescription is reversed. This matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
McKAY, J., dissents for the reasons assigned by Judge CANNIZZARO.
CANNIZZARO, J., dissents with reasons.
CANNIZZARO, J. dissents with reasons.
I respectfully dissent. The majority bases its decision on the provisions of La. R.S. 47:2110(A) but neglects to mention La. R.S. 47:2110(B), which provides in relevant part as follows:
The right to sue for recovery of a tax paid under protest as provided herein shall afford a legal remedy and right of action at law ... for a full and complete adjudication of any and all questions arising in the enforcement of such right respecting the legality of any tax accrued or accruing or the method of enforcement thereof.
(Emphasis added.)
La. R.S. 47:2110(A), which provides for a thirty day prescriptive period must be read in conjunction with La. R.S. 47:2110(B). See, e.g., Hollingsworth v. City of Minden, 2001-2658 (La.6/21/02), 828 So.2d 514, where the Louisiana Supreme Court stated that "courts are bound to give effect to all parts of a statute and cannot give a statute an interpretation that makes any part superfluous or meaningless, if that result can be avoided." 2001-2658, p. 5, 828 So.2d at 517 (citing Langlois v. East Baton Rouge Parish School Board, 99-2007 (La.5/16/00), 761 So.2d 504). When La. R.S. 47:2110(A) is read with La. R.S. 47:2110(B), it is clear that the thirty day prescriptive period applies not only to suits to recover taxes paid under protest but also to suits related to the method of enforcement of tax payments.
Applying the rule of statutory construction set forth above, it is clear that the phrase "or the method of enforcement thereof" must be given meaning and must be read within the context of the entire statutory scheme of which it is a part. When this is done, the thirty day prescriptive period in La. R.S. 47:2110(A) must be applied to the provisions of La. R.S. 47:2110(B). Therefore, I respectfully dissent from the majority opinion, because the taxpayers in this case did not timely file their suit to recover the payments made in connection with the enforcement of the tax statutes. The claims of the taxpayers have prescribed, and the decision of the trial court should be affirmed.
McKAY, J., dissents for the reasons assigned by Judge CANNIZZARO.
NOTES
[1] The record does not indicate that the attorney general answered the petitions or made any appearances in this matter.
[2] The parties agree that claims stemming from the second amended petition are pending, and are not at issue in this appeal.
[3] Plaintiffs also filed an application for supervisory writs. This Court declined to exercise its supervisory jurisdiction.