970 So.2d 1 (2007)
A. Remy FRANSEN, Jr. and Allain F. Hardin
v.
CITY OF NEW ORLEANS, et al.
No. 2006-CA-1325.
Court of Appeal of Louisiana, Fourth Circuit.
October 3, 2007.
Correcting Opinion on Rehearing December 12, 2007.
*2 A. Remy Fransen, Jr., Allain F. Hardin, Fransen & Hardin, A.P.L.C., and Henry L. Klein, New Orleans, LA, for Plaintiff/Appellant.
Brian A. Jackson, Shannon S. Holtzman, Jason R. Johanson, Liskow & Lewis, APLC, New Orleans, LA, for Defendants/Appellees (Linebarger, Goggan, Blair, Pena & Sampson and United Governmental Services of Louisiana, Inc.).
Penya M. Moses-Fields, City Attorney, Robert J. Ellis, Jr., Deputy City Attorney, Evelyn F. Pugh, Chief Deputy City Attorney, Lawrence Blake Jones, Assistant City Attorney, New Orleans, LA, and Richard G. Barham, Barham & Warner, L.L.C., Shreveport, LA, for Defendant/Appellee (City of New Orleans, Department of Finance, Bureau of Revenue).
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY, Judge EDWIN A. LOMBARD).
MICHAEL E. KIRBY, Judge.
Plaintiffs, A. Remy Fransen and Allain F. Hardin, appeal the trial court judgment, upholding the constitutionality of City of New Orleans Ordinance No. 18637.
City of New Orleans Ordinance No. 18637, adopted by the New Orleans City Council on March 5, 1998, states as follows:
AN ORDINANCE to provide for interest and increased penalties on delinquent ad valorem taxes and for the payment of costs and attorneys' fees in connection with the collection of such taxes:
WHEREAS, the City of New Orleans incurs significant delinquencies in the collection of ad valorem tax revenues due to (i) lack of penalties to encourage *3 prompt compliance by the taxpayers with the tax laws and (ii) lack of provision for collection fees, attorneys' fees, costs, and expenses; and attorneys' fees and costs to cover the costs of collection; and
WHEREAS, the City will be able to increase revenues from ad valorem taxes through the implementation of interest and penalties and in imposing collection fees, attorney fees, costs and expenses on the taxpayer;
SECTION 1. THE COUNCIL OF THE CITY OF NEW ORLEANS HEREBY AMENDS SECTION 150-46 OF THE CODE OF THE CITY OF THE CITY OF [sic] NEW ORLEANS AND ORDAINS, that Section 150-46 of the Code of the City of New Orleans is adopted and ordained to read as follows:
Sec. 150-46.1 Taxing unit
A taxing unit for purposes of this Section shall mean the City of New Orleans and all jurisdictions for which the Director of Finance for the City of New Orleans collects ad valorem taxes.
Sec. 150-46.2 Penalty and Interest.
(a) A delinquent tax incurs a penalty of three percent of the amount of the tax on the day such tax becomes delinquent.
(b) A delinquent tax accrues interest at a rate of one percent for each month or portion of a month the tax remains unpaid in accordance to LSAR.S. 47-2101.
Sec. 150-46.3 Additional Penalty for Collection Costs.
(a) All delinquent taxes for prior years, and taxes that remain delinquent on April 1 of the year in which they become delinquent, incur an additional penalty to defray costs of collection if the taxing unit has referred the collection of the delinquent taxes, penalty and interest to an attorney or collection agent. The amount of the additional penalty shall be thirty percent of the amount of taxes, penalty, and interest due.
Sec. 150-46.4 Suit to Collect Delinquent Tax
(a) At any time after its tax on property becomes delinquent, a taxing unit or its authorized agent may file suit to foreclose the lien, securing payment of the tax. The suit must be in a court of competent jurisdiction for the parish in which the tax was or is imposed.
(b) A suit to collect a delinquent tax takes precedence over all other suits pending in courts.
(c) In a suit brought under Subsection (a), a taxing unit or its authorized agent may foreclose any other lien on the property in favor of the taxing unit.
Sec. 150-46.5 Recovery of Costs and Expenses.
(a) In addition to other costs authorized by law, a taxing unit or its authorized agent is entitled to recover from the subject property and, in the case of delinquent personal property taxes, against the tax debtor the following costs and expenses in its efforts to collect a delinquent tax:
(1) all usual court costs, including the cost of serving process;
(2) costs of filing for record of notice of lis pendens against property;
(3) expenses of tax sale;
(4) reasonable expenses that are incurred by the taxing unit or its authorized agent in determining *4 the name, identity, and location of necessary parties and in procuring necessary legal descriptions of the property on which a delinquent tax is due; and
(5) in cases where Sec. 150-46.3(a) is not applicable, reasonable attorney's fees of thirty percent of the total amount of taxes, penalties, and interest due the unit.
(6) reasonable curator fees and expenses.
(b) Each item specified by Subsection (a) of this section is a charge against the property and shall be collectible in the same manner as the taxes, interest, penalties and costs due by the tax debtor and is subject to collection by foreclosure in a suit or as otherwise provided by law and shall be collected out of the proceeds of the sale of the property.
(c) The Director of Finance or his/her authorized agent, with the approval of the Mayor or the Chief Administrative Officer, is authorized to employ private counsel to assist in the collection of any taxes, penalties, interest or costs and expenses, including attorney's fees, due or to represent him in any proceeding under this section.
Sec. 150-46.6 Liability of Taxing Unit for Costs.
(a) Except as provided by Subsection (b) of this section, a taxing unit or its authorized agent is not liable in a suit to collect taxes for court costs, including any fees for service of process, arbitration, or mediation, and shall not be required to post security for the costs.
(b) A taxing unit or its authorized agent shall pay the cost of publishing citations, notices of sale, or other notices from the unit's general fund as soon as practicable after receipt of the publisher's claim for payment. The taxing unit is entitled to reimbursement from other taxing units that are parties to the suit for their proportionate share of the publication costs on satisfaction of any portion of the tax indebtedness before further distribution of the proceeds. A taxing unit may not pay a word or line rate for publication of citation or other required notice that exceeds the rate the newspaper publishing the notice charges private entities for similar classes of advertising.
This Court previously heard another appeal in this case involving only the issue of prescription. Fransen v. City of New Orleans, 2002-2384 (La.App. 4 Cir. 11/19/03), 862 So.2d 142. In that appeal, this Court stated the facts of this case as follows:
Plaintiffs own personal property in Orleans Parish. Plaintiffs concede that for varying reasons they did not pay their property taxes timely. However, once the taxes were paid, plaintiffs allege that they received notice, either through their own inquiry or by correspondence from the Linebarger firm, that they each owed additional penalties, interest and attorney's fees for making late tax payments.
Plaintiff Hardin received a tax bill from the City near the end of 2000. Payment was due on or before February 1, 2001. In April of 2001, Mr. Hardin discovered that the check he had written in December of 2000 had not been mailed. He mailed a check on April 1, 2001. Mr. Hardin alleges that upon receiving the cancelled check for the paid taxes, he noted that the check was marked "partial payment." He telephoned *5 the City's Department of Finance and was told that his payment of $6,127.81 had been divided into payments for penalties ($133.41), interest ($133.32), attorney's fees (1,414.13), and the actual taxes owed ($4,446.95). Mr. Hardin was informed that because the total "tax" bill was not satisfied by his first payment, he owed an additional $2,338.08, and that the amount would continue to grow until paid. He delivered a check to the City Finance Department on May 31, 2001, with a letter indicating that he was paying the added amounts under protest. Mr. Hardin alleges that he never received any correspondence of any kind from the law firm, but, rather, discovered on his own that he had neglected to pay his taxes. Once discovered, he promptly paid them.
Plaintiff Fransen received a notice on May 19, 2000, from the law firm informing him that his 2000 personal property taxes of $5,301.54 were still outstanding. Enclosed with the letter was a statement indicating that Mr. Fransen owed an additional $1,701.80 for attorney's fees, and two other charges of $212.06 and $159.05. On May 23, 2000, Mr. Fransen sent a letter to the law firm indicating that he intended to protest the penalty and excessive interest assessed. He sent another letter to the City on that same date complaining about its "attempt to charge usurious interest." He received a response from the City on June 21, 2000 explaining that $3,811.32 of his check had been applied to taxes, $152.45 to accrued interest, $114.34 to the delinquency fee, and $1,223.43 to attorneys fees. Mr. Fransen again wrote to the City on 7/12/00 contesting its arbitrary distribution of monies he intended to be applied to the actual taxes owed. He also indicated that he considered his base tax liability for the year 2000 to be satisfied. When he received no response, he again wrote to the City's Finance Department on January 15, 2001, enclosing a check for $2,227.89 for additional amounts he owed for penalties and interest. He indicated that he objected to the "fee" charged by the law firm.
On April 1, 2002, suit was filed on behalf of both plaintiffs against the City and the law firm. Plaintiffs complained that the attorney's fees were in violation of the Rules of Professional Conduct, and that the collection of these additional fees and penalties violated the Louisiana Constitution. In addition to the named defendants, plaintiffs served the state attorney general.[1] On April 29, 2002, plaintiffs amended their original petition to name UGSL as an additional defendant, alleging that this company shared fees with the law firm. A second amending and supplemental petition was filed to add Fransen and Hardin, A.P.L.C., as an additional party plaintiff because of the assessment of penalties, interest and fees for failing to pay the parties' business personal property taxes timely.

Fransen v. City of New Orleans, 2002-2384, pp. 1-3 (La.App. 4 Cir. 11/19/03), 862 So.2d 142, 144-145.
In the above-referenced appeal, this Court reversed the trial court's granting of defendants' exception of prescription, and remanded the case to the trial court for further proceedings. The current appeal involves a trial judgment rendered on April 11, 2006 on a motion for partial summary judgment filed by plaintiffs, and *6 a cross motion for summary judgment and peremptory exception of no right of action filed by defendants, City of New Orleans, Linebarger, Goggan, Blair, Pena & Sampson, L.L.P. f/k/a Heard, Linebarger, Graham, Goggan, Blair, Pena & Sampson, L.L.P. and United Governmental Services of Louisiana, Inc. The plaintiffs asked for partial summary judgment declaring the ordinance at issue unconstitutional, and the defendants asked for summary judgment declaring the ordinance constitutional. The trial court denied defendants' exception of no right of action, denied plaintiffs' motion for partial summary judgment and granted defendants' motion for summary judgment. Pursuant to La. C.C.P. article 1915(B)(1), the trial court designated the April 11, 2006 judgment as final as to the constitutionality of the ordinance only. Plaintiffs now appeal.
On appeal, the plaintiffs argue that the trial court erred in holding that the ordinance is constitutional based on its finding that the Louisiana Constitution does not limit the ways in which the City of New Orleans can collect delinquent ad valorem taxes.[2]
An ordinance is presumed to be constitutional, and the party attacking the constitutionality of an ordinance has the burden of proving that the ordinance is unconstitutional. Randolph v. Alexandria Civil Service Commission, XXXX-XXXX, p. 4 (La.App. 3 Cir. 4/6/05), 899 So.2d 857, 861. The burden of proving the unconstitutionality of an ordinance is by clear and convincing evidence. Id. Municipal acts are to be interpreted to sustain validity if susceptible to reasonable interpretation having legal effect. Id.
The New Orleans Home Rule Charter, enacted prior to the 1974 Louisiana Constitution, grants the City of New Orleans "the right to levy, impose and collect any and all kinds and classes of taxes or license fees that may be imposed that are necessary for the proper operation and maintenance of the municipality, provided same is not expressly prohibited by the Constitution of the State of Louisiana." See, Acorn v. City of New Orleans, 377 So.2d 1206 (La.1979). Furthermore, Article VI, 4 of the 1974 Louisiana Constitution states as follows:
Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may be amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local governmental subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted. If its charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions.
Plaintiffs contend that the ordinance at issue violates Louisiana Constitution Article VII, § 25, which states, in pertinent part:
Section 25. (A) Tax Sales. (1) There shall be no forfeiture of property for nonpayment of taxes. However, at the *7 expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due. The advertisement shall be published in the official journal of the parish or municipality, or, if there is no official journal, as provided by law for sheriffs' sales, in the manner provided for judicial sales. On the day of sale, the collector shall sell the portion of the property which the debtor points out. If the debtor does not point out sufficient property, the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs. The sale shall be without appraisement. A tax deed by a tax collector shall be prima facie evidence that a valid sale was made.
(2) If property located in a municipality with a population of more than four hundred fifty thousand persons as of the most recent federal decennial census fails to sell for the minimum required bid in the tax sale, the collector may offer the property for sale at a subsequent sale with no minimum required bid. The proceeds of the sale shall be applied to the taxes, interest, and costs due on the property, and any remaining deficiency shall be eliminated from the tax rolls.
(B) Redemption. (1) The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption.
(2) In the city of New Orleans, when such property sold is residential or commercial property which is abandoned property as defined by R.S. 33:4720.12(1) or blighted property as defined by Act 155 of the 1984 Regular Session, it shall be redeemable for eighteen months after the date of recordation of the tax sale by payment in accordance with Subparagraph (1) of this Paragraph.
Plaintiffs argue that the ordinance is a prohibited ex post facto law. We find that plaintiffs lack standing to raise this argument. The ordinance at issue was enacted in 1998, and this lawsuit is a result of penalties paid by plaintiffs for delinquent taxes for the tax years 2000, 2001 and 2002. Thus, the ordinance at issue was in effect prior to the delinquency and assessment of penalties that prompted the instant lawsuit. Furthermore, despite plaintiffs' contention that their ex post facto claim is being made on behalf of all persons who have been adversely affected by this ordinance and that they are acting as class representatives, there is no indication in the record that this case has ever been certified as a class action. Therefore, plaintiffs' argument that they have standing to raise the ex post facto argument on behalf of others is unsupported by the record.
Similarly, plaintiffs also lack standing to raise the argument that the ordinance violates federal due process requirements. Plaintiffs argue that taxpayers other than themselves may be deprived of their rights to challenge penalties assessed under the ordinance due to problems allegedly created by this Court's decision in Affordable Housing v. Kahn, XXXX-XXXX (La.App. 4 Cir. 4/25/01), 785 So.2d 251, superseded by statute as stated in Fransen v. City of New Orleans, 2002-2384 (La.App. 4 Cir. 11/19/03), 862 So.2d 142. Plaintiffs admit that the Affordable Housing case did not affect their rights and that they have been able to present their challenge in the courts because of the timing of *8 certain ordinances. However, they claim that some other taxpayers with delinquencies incurred after plaintiffs may be denied their due process rights to challenge the penalties. Not only is plaintiffs' argument regarding other taxpayers purely hypothetical but, as stated above, the record does not show that this action has ever been certified as a class action. Therefore, plaintiffs are only entitled to assert arguments on their own behalf. Clearly, plaintiffs have not been deprived of their federal due process rights in this case. This argument is without merit.
However, we do find merit in the plaintiffs' argument that the ordinance violates Article VII, § 25 of the Louisiana Constitution in that it allows the taxing unit or its authorized agent to file suit to collect the delinquent tax, and to recover court costs and attorneys' fees. Article VII, § 25(A) expressly states that in the event of nonpayment of property taxes, "the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due." (Emphasis ours). We interpret Article VII, § 25(A) of the Louisiana Constitution as prohibiting the tax collector from filing suit against the taxpayer in the event of nonpayment of taxes.
The unconstitutionality of one portion of a law does not render the entire law null in its entirety if the remaining portion is severable from the offending portion. Cox Cable New Orleans, Inc. v. City of New Orleans, 624 So.2d 890, 895 (La.1993). The test for severability of a law which has been declared unconstitutional is whether the unconstitutional portion is so interrelated and connected with the constitutional portions that it cannot be separated without destroying the intention of the legislative body. Id., citing State v. Azar, 539 So.2d 1222(La.), cert. denied, 493 U.S. 823, 110 S.Ct. 82, 107 L.Ed.2d 48 (1989).
In this case, the offending portions of the ordinance are so interrelated with the remainder of the ordinance that they cannot be severed in a way that would allow a meaningful constitutional ordinance to remain. To simply sever the provisions of the ordinance relating to the filing of suit and the recovery of court costs and attorneys' fees would result in an ordinance allowing the collection of a 30% penalty against delinquent taxpayers without any enforcement provisions. This would render the ordinance meaningless. Therefore, we find that severance of the offending portions of the ordinance is not an option in this case.
Louisiana Constitution Article VII, § 25 provides tax sales as the method of collecting delinquent ad valorem taxes. The exercise of the enforcement provisions set forth in the ordinance at issue would have the effect of eviscerating Louisiana Constitution Article VII, § 25 in that there would be no need for the tax sale and redemption processes authorized by that section. By allowing the taxing unit or its authorized agent to file suit to foreclose any liens on the property to satisfy the payment of taxes, the ordinance essentially strips the taxpayer of the right of redemption after tax sale granted in the Louisiana Constitution. Even though the enforcement mechanism of the ordinance was not exercised in this case, we find the ordinance to be facially unconstitutional due to its inconsistency with Louisiana Constitution Article VII, § 25.
We also find merit with plaintiffs' argument that while the City's Home Rule Charter grants it the right "to lay and collect taxes . . .," the 30% penalty assessed against plaintiffs was actually a legal fee disguised as a penalty. Plaintiffs *9 were instructed to pay an amount equal to 30% of their delinquent ad valorem taxes to a law firm working on behalf of the City. The ordinance allows the City to employ private counsel to assist in the collection of taxes, penalties, interest or costs and expenses. However, Louisiana Constitution Article VII, § 25(B)(1) limits the penalty charged by the City for delinquent ad valorem taxes to 5%, and does not include a provision for attorneys' fees. The money paid to the defendant law firm by plaintiffs in this case was in the nature of attorneys' fees. We find any other interpretation to be unreasonable. As such, the assessment of attorneys' fees in this case was inconsistent with Louisiana Constitution Article VII, § 25.
Accordingly, we reverse the trial court judgment upholding the constitutionality of City Of New Orleans Ordinance 18637. We hereby declare City of New Orleans Ordinance 18637 unconstitutional, and remand this matter to the trial court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
ON APPLICATION FOR REHEARING
MICHAEL E. KIRBY, Judge.
We grant rehearing for the limited purpose of correcting a misstatement of fact in our original opinion. Our original opinion includes the statement, "Plaintiffs were instructed to pay an amount equal to 30% of their delinquent ad valorem taxes to a law firm working on behalf of the City." The record shows that while the defendant law firm sent collection letters to delinquent taxpayers, the letters actually instructed taxpayers to make their checks payable to and mail payments directly to the City of New Orleans. However, this in no way changes the outcome of our original opinion. In all other respects, rehearing is denied.
REHEARING DENIED IN PART; GRANTED IN PART.
NOTES
[1] The record does not indicate that the attorney general answered the petitions or made any appearances in this matter.
[2] As stated above, the only issue properly before this Court in this appeal is the constitutionality of the ordinance in question. Although plaintiffs acknowledge this fact at the beginning of their original appeal brief, they make numerous references to tangential issues not properly before this Court in their original brief and two reply briefs. Because the trial court certified the April 11, 2006 judgment as final only as to the issue of the constitutionality of the ordinance, all other issues mentioned in plaintiffs' briefs will not be addressed.