785 So.2d 251 (2001)
AFFORDABLE HOUSING DEVELOPERS, INC.
v.
Marina M. KAHN, Director of Finance of the City of New Orleans, Marc H. Morial, Mayor, City of New Orleans, and City of New Orleans
Community Restoration Limited Partnership
v.
Marina M. Kahn, Director of Finance of the City of New Orleans, Marc H. Morial, Mayor, City of New Orleans, and City of New Orleans
Nos. 2000-CA-0614, 2000-CA-0612.
Court of Appeal of Louisiana, Fourth Circuit.
April 25, 2001.
Rehearing Denied May 31, 2001.
*252 William C. Gambel, Milling Benson Woodward L.L.P., New Orleans, for Plaintiff/Appellant.
Mavis S. Early, City Attorney of Orleans Parish, Deborah L. Wilson, Chief Deputy City Attorney of Orleans Parish, Joyce G. Joseph, Deputy City Attorney of Orleans Parish, and Phillipa L. Bowers, Heard, Linebarger, Graham, Goggan, Blair, Pena & Sampson, L.L.P., and John S. Keller, Richard C. Stanley, Bryan C. Reuter, Stanley & Flanagan, L.L.C., New Orleans, for Defendants/Appellees.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III.
McKAY, J.
In this consolidated case, the plaintiffs, Affordable Housing Developers, Inc. (Affordable Housing) and Community Restoration Limited Partnership (Community Restoration) appeal the trial court's maintaining of the defendants', Marina M. Kahn, Director of Finance of the City of New Orleans, Marc H. Morial, Mayor, City of New Orleans, and the City of New Orleans, peremptory exceptions of prescription and the dismissal of their suits with prejudice. We affirm.

FACTS AND PROCEDURAL HISTORY
Affordable Housing and Community Restoration each own real property in the City of New Orleans. Under La. R.S. 47:1997, ad valorem taxes are due and owing in the month of January each year and become delinquent on February 1, if not paid. Both Affordable Housing and Community Restoration failed to pay their property taxes when due. As a result certain penalties and interest also became due.
On March 5, 1998, the City of New Orleans adopted City Ordinance No. 18637 MCS, which imposed additional penalties. This ordinance was retroactively applied to taxes owed on January 1 of that year.[1] Although the ordinance was adopted by the City Council on March 5, 1998, the penalty would apply only to "taxes that remain delinquent on April 1 of year in which they became delinquent." There was also an additional amnesty period before the City began its efforts to collect the taxes and penalties.
On August 26, 1998, Affordable Housing paid the City imposed delinquent penalty and interest under protest. Affordable Housing brought suit to recover said interest and penalty on September 25, 1998. On March 29, 1999, Community Restoration also paid the delinquent penalty and interest under protest. Likewise, Community Restoration brought suit to recover *253 said penalty and interest on April 23, 1999. These two separately filed lawsuits were consolidated for hearing in as much as the same legal issues were being addressed.
In response to these lawsuits, the City filed peremptory exceptions of prescription, no right of action, and no cause of action. A hearing on the exceptions was held on December 3, 1999. Without written or oral reasons, the trial court maintained the exceptions of prescription, but took no action on the exceptions of no right of action and no cause of action. The judgment dismissing the plaintiffs' claims with prejudice was entered on December 8, 1999. It is from this judgment that the plaintiffs now appeal.

DISCUSSION
The sole issue before this Court is whether the district court erred in finding that the plaintiffs' claims for the refund of the additional penalty and interest had prescribed. The defendants contend that the trial court was correct as the plaintiffs' suits were untimely because the underlying ad valorem taxes were not timely paid in January of 1998. Conversely, the plaintiffs contend that this is illogical because their right to challenge the penalties and interest due under City Ordinance No. 18637 MCS prescribed even before their claims existed.
The purpose of City Ordinance No. 18637 MCS is stated in the preamble as follows:
AN ORDINANCE to provide for interest and increased penalties on delinquent ad valorem taxes and for the payment of costs and attorneys' fees in connection with the collection of taxes;
WHEREAS, the City of New Orleans incurs significant delinquencies in the collection of ad valorem tax revenues due to (I) lack of penalties to encourage prompt compliance by the taxpayers with the tax laws and (ii) lack of provision for collection fees, attorneys' fees, costs, and expenses; and attorneys' fees and costs to cover the costs of collection; and
WHEREAS, the City will be able to increase revenues from ad valorem taxes through the implementation of interest and penalties and in imposing collection fees, attorney fees, costs and expenses on the taxpayer. According to La. R.S. 47:2110:
As revealed by the purpose statement above, City Ordinance No. 18637 MCS clearly qualifies under La. R.S. 47:2110 as a "provision of the tax laws in relation to" the payment of any tax found due. Therefore, any person wishing to challenge City Ordinance No. 18637 MCS must comply with the provisions of that statute.
According to La. R.S. 47:2110(A):
Any person resisting the payment of any amount of tax found due, or the enforcement of any provision of the tax laws in relation thereto, shall pay the amount found due to the officer designated by law for the collection of such tax and shall give him and the officer or agency that has given rise to the cause of action notice at the time of payment of his intention to file suit for the recovery of such tax.
1995 La. Sess. Law Serv., 272 (West) (amended 2000; current version at La.Rev. Stat. Ann. § 47:2110 (Supp.2001)).
Furthermore, only the timely payment of the contested tax preserves the right to litigate the validity of the tax in court. Capital Drilling Co. v. Graves, 496 So.2d 487, 492 (La.App. 1 Cir.1986). Both Affordable Housing and Community Restoration concede that they paid their ad valorem taxes, interest, and penalties after they were delinquent. These concessions are problematic because it appears as though both Affordable Housing's and *254 Community Restoration's claims have prescribed on the faces of their petitions. Accordingly, the burden of negating prescription rests with the plaintiff when the facts alleged in the petition indicate that the claim has prescribed. Dozier v. Ingram Barge Co., 96-1370 (La.App. 4 Cir. 1/28/98), 706 So.2d 1064, 1065-1066.
Affordable Housing and Community Restoration make the argument that prescription under the payment-under-protest provision of La. R.S. 47:2110 only applies to the base ad valorem tax and not to interest and penalties used to enforce the tax. Under this argument, a challenge to interest and penalties could never prescribe. This argument is in contrast to the clear language of the statute which provides that it applies not only to "any amount of tax found due," but also to "the enforcement of any provision of the tax laws in relation thereto." Clearly, City Ordinance No. 18637 MCS deals with the enforcement of a provision of the tax laws covered by La. R.S. 47:2110. Therefore, there is no way that the plaintiffs can meet their burden of negating prescription. Accordingly, we find no error in the trial court's maintaining of the defendants' exceptions of prescription.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
MURRAY, J., dissents and assigns reasons.
MURRAY, J., dissents and assigns reasons.
I reject the majority's conclusion that plaintiffs' action is prescribed by virtue of the application of R.S. 47:2110. This conclusion is based upon two premises: that the statute applies to the instant situation, and that under the jurisprudence interpreting the statute, plaintiffs' suit is untimely. In my view, neither premise is valid.
R.S. 47:2110, entitled "Suits to recover taxes paid under protest" is not a prescription statute; rather, it creates a procedure whereby one who is assessed ad valorem taxes by the state or any of its political subdivisions may pay the taxes under protest and have the amount so paid held in the registry of the court pending the outcome of a suit filed by the taxpayer to recover those taxes he alleges were wrongfully assessed. The statute merely provides that the suit must be filed within thirty days of the date the taxpayer pays under protest. At the time the instant cause of action arose, the statute provided, in pertinent part:
(A)...Any person resisting the payment of any amount of tax found due, or the enforcement of any provision of the tax laws in relation thereto, shall pay the amount found due to the officer designated by law for the collection of such tax and shall give him and the officer or agency that has given rise to the cause of action notice at the time of payment of his intention to file suit for the recovery of such tax....
1995 La Sess. Law Serv. 272 (amended 2000; current version at La. Stat. Ann. § 47:2110 (Supp.2001)) (emphasis added).
The majority concludes that the statute applies to plaintiffs' action because the city ordinance that plaintiffs challenge falls within the scope of the phrase "the enforcement of any provision of the tax laws in relation thereto" as used in the statute. This approach ignores the fact that the plaintiffs are not suing to recover the taxes paid, but to recover the additional penalties assessed by the ordinance, which plaintiffs contend is unconstitutional. Reading the statute as a whole, I conclude that its application is limited to a suit that *255 seeks, at least in part, to recover taxes paid under protest.
A strict interpretation of R.S. 47:2110 is especially appropriate in cases such as the instant one, where the statute is being used to bar a lawsuit on the grounds of prescription. Although the statute does not address the issue of timeliness, the majority relies on a First Circuit case, Capital Drilling v. Graves, 496 So.2d 487 (La.App. 1 Cir.1986), for the proposition that only the timely payment of the contested tax preserves the right to litigate the validity of the tax in court. Capital Drilling is distinguishable, however, in that the plaintiff therein was suing to recover ad valorem taxes paid under protest; in the instant case, plaintiffs concede that their taxes were owed and were delinquent, but they protest the application of additional penalties adopted into law after those unpaid taxes became delinquent. Therefore, plaintiffs do not seek the recovery of the taxes, but only the penalties.
In my view, R.S. 47:2110 does not address this situation. Moreover, applying that statute to bar the plaintiffs' suit on the basis of prescription seems incongruous considering that, had plaintiffs refused to pay the penalties and merely filed suit challenging the ordinance's application to them as unconstitutional, they would not be seeking to recover any monies and R.S. 47:2110 would not even arguably apply; in that case, their suit would be not be barred by prescription, but would be subject to the requirement of showing standing, which issue the trial court did not reach.
For the reasons stated, I would reverse the judgment of the trial court and remand for further proceedings. Therefore, I respectfully dissent.
NOTES
[1] Whether or not the ordinance was retroactively applied is open to some debate.