McKAY, Judge.
|TIn this action for declaratoiy judgment, writ of mandamus, annulment of several tax sales, and damages, the plaintiff, Side by Side Redevelopment, Inc., appeals the trial court’s granting of exceptions of prescription and no cause of action in favor of the defendants, Sixth District Assessor Nancy Marshall and the City of New Orleans. We affirm.
*1061 FACTS AND PROCEDURAL HISTORY
Side by Side Redevelopment, Inc. (SBS) purchased rights to certain properties in the Sixth Municipal District for the Parish of Orleans at a tax sale. After the purchases, SBS asserted that it should not pay taxes due on the properties because of its alleged status as a charitable organization exempt from ad valorem taxation under Louisiana law. Nancy Marshall, in her official capacity as the Assessor for the Sixth Municipal Taxing District for the Parish of Orleans, denied SBS’s request for tax exempt status and the City of New Orleans issued a tax bill for the properties.
|2SBS filed suit, asking the district court to issue a ruling that the properties it purchased at a tax sale were exempt from ad valorem taxation and a declaratory judgment recognizing its status as a charitable organization exempt from ad valorem taxation. However, SBS never paid any ad valorem taxes. Thereupon, the Assessor filed exceptions of no cause of action and prescription, arguing that SBS had no right to challenge the validity of the ad valorem taxes because it had not paid the taxes under protest as required by Louisiana law. The trial court granted these exceptions and dismissed SBS’s claims. It is from this judgment that SBS now appeals.
DISCUSSION
On appeal, the plaintiff raises the following assignments of error: 1) the trial court erred in sustaining the defendants’ exception of prescription; 2) the trial court erred in sustaining the defendants’ exception of no cause of action; and 3) the trial court erred in dismissing the plaintiffs causes for declaratory relief.

Prescription

La. R.S. 47:2110 states that “[a]ny person resisting the payment of any amount of tax due or the enforcement of any provision of the tax law in relation thereto shall timely pay the amount due to the officer designated by law for the collection of such tax and shall give him, the parish or district assessor, and the Louisiana Tax Commission written notice at the time of payment of his intention to file suit for the recovery of such tax.” La. R.S. 47:2110(A). La. R.S. 47:1997 provides that the collection of property taxes in Orleans Parish shall begin on the | ¡¡first day of January of each year, and “the entire amount of such taxes shall become delinquent on the first day of February.” La. R.S. 47:1997(B). To challenge the validity of a tax imposed by the City of New Orleans, the taxpayer must first pay the tax under protest prior to the first day of February of the year the tax is due. Only the timely payment of the contested tax preserves the right to litigate the validity of the tax in court. Affordable Housing Developers, Inc. v. Kahn, 2001-0611 (La. App. 4 Cir. 4/25/01), 785 So.2d 251, 253. The failure of SBS to timely pay the tax under protest prohibited the district court from hearing a challenge to the validity of that tax. Because of this failure, the district court was correct in finding that SBS’s claims were prescribed.

No Cause of Action

The peremptory exception of no cause of action tests the legal sufficiency of a petition by determining whether the law affords a remedy on the facts alleged. Pittman v. Beebe, 95-1342 (La.App. 3 Cir. 3/6/96), 670 So.2d 761, 763. The issue is whether the facts are sufficient to support a cause of action entitling plaintiff to the relief sought. See Everything on Wheels Subaru, Inc. v. Subaru South, Inc. 616 So.2d 1234, 1235 (La.1993).
La. R.S. 47:2110 states that “[n]o court of this state shall issue any process whatsoever to restrain or render any decision *1062 that shall have the effect of impeding the collection of an ad valorem tax imposed by the state, or by any political subdivision thereof ...” La. R.S. 47:2110(A); see also La. Const, art. 7, § 3(A). As stated above, La. R.S. 47:2110 also requires that “[a]ny person resisting the |4payment of any amount of tax found due, or the enforcement of any provisions of the tax laws in relation thereto, shall pay the amount of tax found due to the officer designated by law for the collection of such tax and shall give the officer notice at the time of payment of his intention to file suit for the recovery of such tax.” La. R.S. 47:2110(A). In the instant case, SBS was required to pay the taxes under the procedures outlined by La. R.S. 47:2110 and then file suit in district court seeking recovery of the taxes paid. SBS admits that it did not pay the taxes that it seeks to avoid. As such, SBS cannot ask the court to issue process to restrain the collection of those taxes. See Giraud v. City of New Orleans, 359 So.2d 294 (La.App. 4 Cir.1978). Accordingly, SBS fails to state a cause of action under Louisiana law and the district court correctly granted the Assessor’s exception of no cause of action.

Declaratory Relief

It is well established that Louisiana law does not provide a cause of action for declaratory relief seeking tax exempt status. See Allied Chem. Corp. v. Iberville Parish Police Jury, 426 So.2d 1336, 1341 (La.1983). Louisiana’s prohibition against declaratory relief for recognition of tax exempt status has been expressly recognized by the United States Supreme Court, which held that such relief is inappropriate where Louisiana law “has provided that on payment of any challenged tax to the appropriate state officer, the taxpayer may maintain a suit to recover it back.” Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 300-301, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943). In the Supreme Court’s opinion, this law “affords an adequate remedy to the taxpayer, and at the same time leaves undisturbed the state’s administration |sof its taxes.” SBS has no cause of action for declaratory relief and the district court correctly dismissed its claims.
CONCLUSION
For the foregoing reasons, we affirm the district court’s maintaining of the defendants’ exceptions of prescription and no cause of action as well as its dismissal of the plaintiffs claims.
AFFIRMED.
BONIN, J., Concurs With Reasons.