ESPLANADE MALL REALTY HOLDING, LLC

VERSUS

JOSEPH P. LOPINTO, III, IN HIS OFFICIAL
CAPACITY AS SHERIFF AND EX-OFFICIO
TAX COLLECTOR FOR JEFFERSON PARISH

NO. 21-CA-554

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 797-090, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

April 27, 2022

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Robert A. Chaisson, and John J. Molaison, Jr.

**<u>AFFIRMED</u>**
    **JJM**
    **FHW**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Lalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ESPLANADE MALL REALTY HOLDING, LLC
James M. Garner
Elwood F. Cahill, Jr.
John T. Balhoff, II
Alex E. Hotard
Charles L. Stern, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
JOSEPH P. LOPINTO, III, SHERIFF AND EX-OFFICIO TAX COLLECTOR
FOR THE PARISH OF JEFFERSON
Kenneth C. Fonte

**MOLAISON, J.**

The appellant, Esplanade Mall Realty Holding, LLC, appeals the trial court's sustaining the exception of no cause of action of the appellee, Joseph Lopinto III, in his official capacity as Sheriff and Ex-officio Tax Collector for Jefferson Parish. Because the appellant did not seek the appropriate remedy provided for by the law, we affirm the decision of the trial court.

## Facts

On September 22, 1987, Esplanade Properties Corporation, a subsidiary of R.H. Macy & Co., Inc. ("Macy Inc."), purchased Parcel B-1-A1-4 of the Cannes-Brulees Subdivision in the city of Kenner in Jefferson Parish ("Macy's Parcel"). On January 31, 1992, Esplanade Properties Corp. filed for bankruptcy relief.[1] During the automatic stay provided by the Bankruptcy Code (11 U.S.C. § 362(a)), Jefferson Parish issued its tax bill for ad valorem taxes for tax year 1992 on the Macy's Parcel in the amount of $130,914.38. The Jefferson Parish Sheriff's Office (JPSO) conducted a tax sale for Esplanade Properties Corp.'s failure to pay the ad valorem taxes on May 26, 1993, and the property was adjudicated to the Parish.[2] On December 8, 1994, the Bankruptcy Court confirmed a Second Amended Joint Plan of Reorganization.[3]

In 1995, JPSO filed suit against Esplanade Properties Corp. to proceed with the tax sale against immovable property. On February 27, 1998, Jefferson Parish issued a "Corrected or Duplicate Property Tax Notice" to Esplanade Properties

---

[1] Macy Inc. filed for Chapter 11 Bankruptcy Relief on January 27, 1992.

[2] The Tax Sale Deed was not recorded until July 10, 1997.

[3] The joint plan discharged all claims against debtors and enjoined all entities from asserting discharged claims, but administrative claims of governmental units for taxes were maintained as a debt.

21-CA-554                    1

Corp. for the 1992 ad valorem taxes[4] allegedly still due for the Macy's Parcel.[5]  On July 11, 2000, the Property Tax Division of JPSO sent a notice that Esplanade Properties Corp. had not redeemed the 1993 tax sale within the three-year redemption period from the recordation of the tax sale deed, and any action to annul the tax sale must be taken within six months of the receipt of the notice.

After Counsel for Federated Department Stores, Inc., representing Macy's and its subsidiaries, informed JPSO that their letter regarding the tax sale violated the Bankruptcy Code and Bankruptcy Court's Orders regarding pre-petition liabilities, a Certificate of Cancellation of Property Tax Sale was issued by JPSO on August 22, 2000.  The Sheriff did not proceed further against Esplanade Properties Corp. in the 1995 suit.

The appellant, Esplanade Mall Realty Holding, LLC, purchased the Macy's Parcel, and neighboring tracts, without warranties, on June 5, 2018, from Esplanade Realty, LP for $9,250,000.[6] The appellant agreed to be responsible for the payment of taxes for the year 2018 and prorated for 2017, with Esplanade Realty, LP, stating that tax records showed that taxes were paid for the years 2015-2017.  On December 4, 2018, the appellant received a Parish of Jefferson Duplicate Notice or Corrected Notice concerning their tax assessment and previous bills due for the Macy's Parcel.[7]  The appellant's title insurance company requested that the 1992 taxes be deleted from the notice.  JPSO stated that although the tax sale was canceled, the taxes were not forgiven, and there is "no expiration

---

[4] The amount due was listed as $234,910.81, including $130,914.38 of principal, $116,064.96 in interest, and other charges.

[5] On April 21, 1998, tax counsel for Federated Department Stores, Inc., advised the tax collector that any liability for property taxes assessed on or before January 31, 1992 may only be paid pursuant to proof of claim properly filed in the bankruptcy proceedings.

[6] On December 13, 2017, Esplanade Realty, LP, acquired the parcel by special warranty deed, waiving the production of tax researches, from Macy's Retail Holdings, Inc. who acquired it after mergers and transfers within the Macy's corporate structure for $1,800,000.

[7] The notice asserted that $458,210.83 was due for "previous bills."

date on due taxes." On May 15, 2019, the appellant sent a letter to JPSO Property Tax Division asserting that the appellant, and the Macy's Parcel *in rem*, were not legally responsible for the 1992 taxes.

The appellant failed to pay the 2019 ad valorem taxes by the deadline of December 31, 2019. On May 26, 2020, a tax certificate was prepared by the appellee listing the status of taxes and payments for 2016-2019 without mention of 1992 taxes. The Macy's Parcel was adjudicated to the Parish of Jefferson at a tax sale conducted on August 26, 2020.

**Procedural History**

The appellant, Esplanade Mall Realty Holding, LLC, filed a Petition for Declaratory Judgment on July 9, 2019, before the tax sale, seeking a judicial determination and declaration that the appellant had no personal liability for ad valorem taxes allegedly due for 1992 for the Macy's Parcel and that Jefferson Parish cannot conduct a tax sale or assert any liens, privileges, or other security interest against the Macy's Parcel. The appellee answered the petition on August 22, 2019, and stated an exception of failure to state a cause of action because the appellant did not pay the disputed taxes under protest as required by La. R.S. 47:2134.

An opposition was filed stating that the appellee had a right to conduct the tax sale to collect the 2019 taxes, but not to include the taxes due in 1992 in the purchase price. In a second supplemental and amended petition[8] of October 8, 2020, after the 2020 tax sale, the appellant added another request for declaration that the Sheriff, in calculating the amount required to redeem the Macy's Parcel from its adjudication to Jefferson Parish, may include only the principal amount of 2019 taxes, together with accrued interest and costs, not the 1992 taxes.

---

[8] An amended petition of June 19, 2020, was also filed stating that the running of the prescriptive period had not been suspended until the appellant had acquired the property.

After a hearing on February 8, 2021, the trial court granted the motion for exception of no cause of action due to the sale already taking place. The trial court dismissed the plaintiff's action and demands, assessing all costs in a written judgment of May 18, 2021, and thereafter, this timely devolutive appeal followed.

The appellant raises four assignments of error:

1) The district court erred in sustaining the Sheriff's Exception of No Cause of Action to the extent it may have found that the Sheriff could include a tax liability from 1992, more than three years old, as a statutory imposition that could be collected through a tax sale for 2019 taxes.

2) The district court erred in sustaining the Sheriff's Exception of No Cause of Action to the extent it may have found that Esplanade Mall's claims failed to present a justiciable controversy.

3) The district court erred in sustaining the Sheriff's Exception of No Cause of Action to the extent it may have found that Esplanade Mall was required to pay under protest the alleged statutory imposition of 1992 tax liability, and to name as defendants the Jefferson Parish Assessor and the Louisiana Tax Commission, as prerequisites to asserting its claims against the Sheriff.

4) The district court erred in sustaining the Sheriff's Exception of No Cause of Action to the extent it may have found that Esplanade Mall's claims against the Sheriff are barred unless they meet one of the permissible grounds for complete tax sale nullity under the tax sale statutes.

## Discussion

La. C.C.P. Art. 927 provides for the peremptory exception of no cause of action. The standard of review for an appellate court examining a trial court's granting of an exception of no cause of action is *de novo* as the lower court's decision is based solely on the legal sufficiency of the petition to determine whether the plaintiff is afforded a remedy in law based on facts alleged in the

pleading. *Foti v. Holliday*, 09-0093 (La. 10/30/09), 27 So.3d 813, 817. On review, the pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. *Ramey v. DeCaire*, 03–1299 (La. 3/19/04), 869 So.2d 114, 119. In reviewing an exception of no cause of action, we accept the plaintiff's well-pleaded allegations as true. *Khoobehi Properties, LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506 (La. App. 5 Cir. 3/29/17), 216 So.3d 287, 297.

On December 22, 2020, the appellee filed an exception of no cause of action to the Second Supplemental and Amended Petition on peremptory grounds that it failed to state a cause of action. The exception alleged that the appellant lost the right to challenge the legality of the sheriff's sale by not paying 2019 ad valorem property taxes under protest. Furthermore, the petition did not include the Assessor of Jefferson Parish and the Louisiana Tax Commission as parties. They also allege that since the unpaid 1992 ad valorem taxes were already collected, as a "statutory imposition" component of the total price from the August 26, 2020 tax sale, there is no justiciable controversy to support the issuance of a declaratory judgment. They further argue that the facts alleged in the petition do not satisfy the prerequisites for a post-tax sale action to nullify the tax sale, and the law does not provide a remedy of partial nullification of an ad valorem tax sale to challenge the price charged for a property adjudicated at a tax sale.

The Louisiana Constitution provides that taxes shall prescribe in three years after the thirty-first day of December in the year in which they are due, except real property taxes. La. Const. art. VII, § 16. A tax collector to satisfy due taxes may conduct tax sales of a portion of delinquent property owner's property. La. Const. Art. 7 § 25(A)(1). The property sold shall be redeemable for three years after the recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest. La. Const. Art. 7 § 25(B)(1). Louisiana law favors

the redemption of property sold for taxes. *Becnel v. Woodland*, 628 So.2d 89, 91 (La. App. 5 Cir. 1993), *writ denied,* 634 So.2d 374 (La. 1994).

*Application of Statutory Prerequisites for Legality Challenge*

The appellant's third assignment of error alleges that the district court erred in sustaining the appellee's Exception of No Cause of Action to the extent it may have found that it was required to pay under protest the alleged statutory imposition of 1992 tax liability, and to name as defendants the Jefferson Parish Assessor and the Louisiana Tax Commission, as prerequisites to asserting its claims against the appellee.

La. R.S. 47:2134 sets forth the requirements for a suit to challenge taxes and recover taxes paid under protest. La. R.S. 47:2134(D) states that "this Section shall afford a legal remedy and right of action. . .for a full and complete adjudication of all questions arising in connection with a correctness challenge or the enforcement of the rights respecting the legality of any tax accrued or accruing or the method of enforcement thereof."

The appellant asserts that it is not challenging the correctness or legality of the 2019 taxes, but to the statutory impositions. A correctness challenge under La. R.S. 47:2134(B) relates to the assessed valuation of the properties (under La. R.S. 47:1856 & 57)[9]. A legality challenge under La. R.S. 47:2134(C)(1) is defined as:

> A person resisting the payment of an amount of ad valorem tax due or *the enforcement of a provision of the ad valorem tax law* and thereby intending to maintain a legality challenge shall timely pay the disputed amount under protest to the [tax collector] and shall give such officer or officers, notice at the time of payment of his intention to file suit for the recovery of the protested tax. (Emphasis added).

---

[9] La R.S. 47:1988 is also referred to in the statute; it dealt with equalization of property values by the tax commission and was repealed by Acts 1972.

As the appellant's petition raises a challenge to the legality of collecting the 1992 taxes as a statutory imposition, the appellant takes issue with the enforcement of a provision of the ad valorem tax law. The ad valorem tax law is found under Title 47, Subtitle III "Provisions Relating to AD Valorem Taxes" which includes statutory impositions.[10] La R.S. 47:2122(14) defines "statutory imposition" as "ad valorem taxes and any imposition in addition to ad valorem taxes that are included on the tax bill sent to the tax debtor."

Additionally, La. R.S. 47:2153(A) provides that when a tax debtor has not paid "all the statutory impositions which have been assessed on immovable property" within twenty days after the tax collector sends written notice, the tax sale title to the property will be sold according to law. A sufficient notice under the statute will set out the "total assessed value tax distributions, millages, homestead exemption, taxes and other statutory impositions due, assessment information, interest, and costs." La. R.S. 47:2153(A)(2)(b). Further, La. R.S. 47:2128 provides, "[a]ll statutory impositions including ad valorem taxes shall be paid along with the taxes. Failure to pay the statutory impositions in addition to the ad valorem taxes shall cause the immovable property to be subject to the same

_____

[10] La R.S. 47:2121 states: The purpose of this Chapter [Chapter 5 titled "Payment and Collection Procedure; Tax Sales; Adjudicated Property, falling under Title 47, Subtitle III "Provisions Relating to AD Valorem Taxes"] is to amend and restate the law governing the payment and collection of property taxes, tax sales, and redemptions to:
(1) Reorganize the prior law into a single comprehensive Chapter, using consistent terminology.
(2) Encourage the payment and efficient collection of property taxes.
(3) Satisfy the requirements of due process.
(4) Provide a fair process and statutory price for the redemption of tax sale and adjudicated properties.
(5) Encourage the return to commerce of tax sale and adjudicated properties, without unnecessary public expense, through clear procedures that allow interested persons to carry out the title search and notification procedures considered necessary under contemporary standards of due process to acquire merchantable title to those properties.
(6) Avoid the imposition on the public of extensive title search and notification expenses for properties that are redeemed or that fail to attract any party willing to bear the expenses of establishing merchantable title.
(7) Retain, to the extent not inconsistent with the preceding purposes, the traditional procedures governing tax sales, adjudications, and redemptions in this state.

provisions of law that govern tax sales of immovable property." Therefore, any dispute over the legality of a statutory imposition is a legality challenge.

The Louisiana Supreme Court stated that plaintiffs must follow the payment-under-protest provisions requiring them to timely submit payment under protest of the contested penalties and collection fees, even when the legality of the underlying ad valorem tax is not contested. *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So.3d 876, 895. In *Side by Side Redevelopment, Inc. v. Marshall,* 09-1430 (La. App. 4 Cir. 6/30/10), 43 So.3d 1059, 1061, the Fourth Circuit found "only the timely payment of the contested tax preserves the right to litigate the validity of the tax in court." *Cited in New Orleans Riverwalk Marketplace, LLC v. Louisiana Tax Comm'n*, 17-0968 (La. App. 4 Cir. 4/30/18), 243 So.3d 1070, 1077-78, *writ denied,* 18-0889 (La. 9/28/18), 252 So.3d 925.

Therefore, La. R.S. 47:2134 provides the proper remedy for the appellant's legality challenge to the appellee's enforcement of the tax law. To state a cause of action under this provision, the appellant would have to allege that they paid the disputed amounts under protest and filed suit within thirty days therefrom.[11] *Duncan v. City of Baton Rouge*, 21-0311 (La. App. 1 Cir. 4/26/21), *reh'g denied* (6/3/21), *writ denied,* 2021-00833 (La. 11/3/21), 326 So.3d 890. While payment under protest may seem harsh, the Supreme Court has approved the imposition of various procedural requirements on actions for post-deprivation relief, including the requirement that only taxpayers paying under protest will be entitled to relief, when a refund is provided to a successful taxpayer. *Jackson*, 144 So.3d at 895.[12] La. R.S. 47:2134(C)(4) allows a prevailing taxpayer to receive a refund with interest.

---

[11] La R.S. 47:2134 (C)(2) and (3) sets out the requirements for a legality challenge suit, including time and service requirements.

[12] The Supreme Court reflected on the legislative history to the Tax Injunction Act, which required that state remedies offer a "plain, speedy and efficient remedy," and Congress's knowledge of "state tax systems commonly provided for payment of taxes under protest with subsequent refund as their exclusive

Therefore, we find the appellant failed to follow the appropriate procedure to preserve the right to litigate the validity of an ad valorem tax law.

*Justiciable Controversy After the Tax Sale*

In its second assignment of error, the appellant argues that because it has three years to redeem the property after a tax sale, the question of whether the statutory imposition of past due taxes can be included in the redemption price is still a justiciable controversy. A party seeking declaratory judgment needs a legally protectable and tangible interest at stake in a dispute of sufficient immediacy, not a hypothetical question. *Comeaux v. Louisiana Tax Commission*, 20-1037 (La. 5/20/21), 320 So.3d 1083, 1091.

While the appellant initially sought a declaratory judgment seeking a judicial determination and declaration that Jefferson Parish cannot conduct a tax sale or assert any liens, privileges, or other security interest against the Macy's Parcel, courts may not "render any decision that has the effect of impeding the collection of an ad valorem tax imposed by any political subdivision, under authority granted to it by the legislature or by the constitution." La. R.S. 47:2134(A). Therefore, the appellant did not seek an injunction to prevent the tax sale from occurring during the pendency of its action. It does not appear from the record that the appellant urged the trial court to make a determination before the sale was held. Once the tax sale had occurred, the court's determination of whether the appellant could conduct the tax sale, including the past due taxes as a statutory imposition, was moot.

---

remedy." The Court cited to Senate Report No.1035, 75th Cong., 1st Sess., 1 (1937), stating "these statutes generally provide that taxpayers may contest their taxes only in refund actions after payment under protest. This type of State legislation makes it possible for the States and their various agencies to survive while long-drawn-out tax litigation is in progress." *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 523 (1981).

Although the appellant claims that its action is seeking to determine the correct redemption amount, and it raised the question of redemption in its second supplemental and amended petition, an action for redemption "is merely a return of property to the tax debtor-owner on demand upon payment of the amount of back taxes due." *Harris*, 532 So.2d at 1368. Furthermore, the law regarding redemption actions does not provide a procedure for contesting the amount due or the correctness of any statutory impositions by declaratory relief through an ordinary proceeding after a tax sale.[13] As discussed previously, under the third assignment of error, there is a procedure for contesting the legality of the taxes under La. R.S. 47:2134 before a tax sale. La. Constitution VII, § 25(B) provides that sold property can be redeemed "by paying the price given, including costs, [a] five percent penalty thereon, and interest at the rate of one percent per month until redemption." La. R.S. 47:2243 requires payment of "all statutory impositions accruing before the date of payment with [a] five percent penalty and simple interest accruing at one percent per month, as well as all other sums required to be paid pursuant to this Subpart." Since redemption requires the debtor to pay the "price given" and "all statutory impositions," there is no authorization or jurisprudential support for a post-tax sale determination of the amount of ad valorem tax due or the enforcement of a provision of the ad valorem tax law.[14]

---

[13] When a remedy for contesting and challenging a tax is provided, an action for declaratory judgment is inappropriate. *Giraud v. City of New Orleans*, 359 So.2d 294, 296–97 (La. App. 4 Cir. 1978), *writ denied,* 362 So.2d 579 (La. 1978)("it is the court's duty to withhold such relief when, as in the present case, it appears that the state legislature has provided that on payment of any challenged tax to the appropriate state officer, the taxpayer may maintain a suit to recover it back.").

[14] The price at a tax sale is "the amount of statutory impositions due on the property, costs, and interest." La. R.S. 47:2154. La. R.S. 47:2154(C) provides that the tax collector may not omit any statutory impositions from the price, clearly contemplating that the tax purchaser will receive a tax certificate that is free and clear of all statutory impositions of the taxing authority and of all other persons with interests in the property that are duly notified. 2 La. Prac. Real Est. §14:40 (2d ed.). The tax sale purchaser would be required to pay for impositions due, and if the debtor were to be able to pay a different redemption price, it would be contrary to the long-standing public policy in this State to protect the public interest in the identity and marketability of the title to immovable property. *See Harris v. Estate of Fuller*, 532 So.2d 1367, 1370 (La.1988).

*Inclusion of Past Due Taxes as a Statutory Imposition*

The validity of the appellee's action in including past due taxes as a statutory imposition was raised as an issue in the appellant's petition for a declaratory relief. The appellant argued that La. R.S. 47:2131 does not allow a tax sale to be conducted with regard to taxes "three years after December thirty-first of the year in which ad valorem taxes are due have passed." La. R.S. 47:2131.

As the appellant failed to preserve its right to litigate this issue, it was not ruled upon by the trial court in granting the appellee's peremptory exception. As it goes to the merits of the legality of the statutory impositions with no bearing on the procedural prerequisites for bringing an action on the legality of these impositions, we find no merit in this assignment of error. *See Jackson*, 144 So.3d at 896. While we note the apparent conflict of La. R.S. 47:2131 with the Louisiana Constitution, neither party raised a constitutional challenge to the statute.[15]

*No Basis for Nullification of Tax Sale*

The appellant alleges that the district court erred in sustaining the exception to the extent it may have found that its claims are barred unless they meet one of the permissible grounds for complete tax sale nullity under the tax sale statutes. While the appellee argued that the appellant was seeking a "partial nullification," it does not appear that the trial court found that the appellant was seeking to nullify

---

[15]Furthermore, it would be a *res novae* issue for this Court, possibly even for the State as the Louisiana Fourth Circuit Court of Appeal has only raised the issue in dicta. *See Bilbe v. Foster,* 15-0302 (La. App. 4th Cir. 9/9/15), 176 So. 2d 542, 547-548, *writ denied*, 15-1849 (La. 11/16/15), 184 So. 3d 29 (noting that although the property would not have been eligible for the 2011 tax sale based solely on 2007 unpaid taxes, the obligation to pay those taxes would not have been extinguished just because three years had lapsed). *See also, Eclectic Inv. Partners, LP v. City of New Orleans*, 19-0895 (La. App. 4 Cir. 4/8/20)(dissent, p. 5-6), *writ denied,* 20-00789 (La. 10/14/20), 302 So.3d 1124("it is clear that a taxing authority's failure to timely institute a tax sale results in the legal consequence that taxes more than three years delinquent cannot not be included in the tax sale. . .Its failure to do so should not result in a third party's bearing the adverse consequences of its neglect. To hold otherwise would allow a taxing authority, careless in timely instituting tax sales (or realizing that a repeatedly delinquent taxpayer will not pay taxes) to wait indefinitely to provoke a tax sale, and then recoup all of the outstanding taxes from a tax sale purchaser. This could lead to the absurd consequence of a tax sale purchaser paying many years, perhaps decades or more, of delinquent taxes.")

the tax sale. The petition did not seek to nullify the tax sale, and La. R.S. 47:3386 only provides relief based on payment nullity, redemption nullity, and nullity under La. R.S. § 47:2162 for purchase by tax collectors and assessors, which are not alleged. While we agree with the appellant's assertion, this assignment of error provides no relief.

## Conclusion

Accordingly, we affirm the decision of the trial court in finding no cause of action because the appellant cannot prevail in a suit to dispute the legality of a provision of the ad valorem tax law brought under La. R.S. 47:2134(C), given that it failed to allege that the appellant had timely paid the disputed amount due under protest and gave the tax collector notice of its intent to file suit for the recovery of the protested tax.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **APRIL 27, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-CA-554**

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
CHARLES L. STERN, JR. (APPELLANT)      ELWOOD F. CAHILL, JR. (APPELLANT)      JAMES M. GARNER (APPELLANT)
JOHN T. BALHOFF, II (APPELLANT)      KENNETH C. FONTE (APPELLEE)

### MAILED

ALEX E. HOTARD (APPELLANT)
ATTORNEY AT LAW
909 POYDRAS STREET
28TH FLOOR
NEW ORLEANS, LA 70112